IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAURA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv513-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq* and for supplemental security income under Title XVI of the Act. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was approximately forty-seven years old at the time of the hearing before the ALJ and was a high school graduate. (Tr. 15). Plaintiff's past relevant work experience included work as a poultry dresser. (Tr. 25, 301). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 15, 2005 (Step 1). (Tr. 15). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  right shoulder impingement; right shoulder acromioclavicular arthritis status-post arthroscopy; mild carpal tunnel syndrome; paresthesias; lumbar spondylosis; degenerative disc disease; lumbar stenosis; facet joint arthritis; status-post laminectomy; hypertension; myalgia; and obesity (Tr. 21). The ALJ then found that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments  (Step 3). *Id*. Next, the ALJ found that, through May of 2006, Plaintiff retained the RFC to perform a limited range of sedentary work and from June 2006 through the date of his decision, Plaintiff retained the RFC to perform a limited range of light work. (Tr. 26). Next, the ALJ determined that Plaintiff was incapable of performing past relevant work. (Tr. 25).

At Step Five, the ALJ evaluated Plaintiff's RFC, age, education, and work experience, as well as testimony from a VE regarding the availability in significant numbers of other work Plaintiff could perform in the national economy. Upon consideration of this evidence, the ALJ determined Plaintiff possessed the RFC to perform jobs that exist in significant

numbers in the national economy. (Tr. 26). Consequently, the ALJ found Plaintiff was not disabled within the meaning of the Act. *Id.*

## IV. PLAINTIFF'S CLAIMS

Plaintiff alleges two errors requiring reversal of the ALJ's decision: (1) whether the ALJ properly considered Plaintiff's pain in making his disability determination, and (2) whether the ALJ's credibility finding was specific enough to satisfy the requirements of Social Security laws and regulations. The Court will address each of Plaintiff's claims in turn.

## V. DISCUSSION

### *A. Whether the ALJ properly considered Plaintiff's pain in making his disability determination.*

Plaintiff argues that the ALJ failed to consider Plaintiff's subjective complaints of pain. Plaintiff's exact argument in this claim is that "the ALJ found [Plaintiff] not to be credible, but did not properly go through the credibility analysis required under Social Security Ruling 96-7p." (Doc. #13 at 9). Plaintiff does not argue that the finding by the ALJ was improper, but that the ALJ failed to follow the proper credibility analysis.

Before an ALJ can consider the subjective pain testimony of a claimant, the claimant must satisfy two parts of a three-part test. The law requires the ALJ "to consider a claimant's subjective testimony of pain if [he] finds evidence of an underlying medical condition, and either (1) 'objective medical evidence to confirm the severity of the alleged pain arising from

6

that condition or (2) [that] the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.'" *Jackson v. Bowen*, 801 F.2d 1291, 1294 (11th Cir. 1986) (*quoting Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986). Thus, the consideration of subjective testimony of pain is contingent on a claimant meeting two requirements of the three part test.

Here, in applying this test, the ALJ determined that Plaintiff does have "an underlying medically determinable impairment that could reasonably cause pain, but not to the extent alleged," (Tr. 23), and "[t]he record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such symptoms." (Tr. 24). Thus, the ALJ determined Plaintiff could not meet either of the second prongs of the three-part test and the record supports the ALJ's determination. Accordingly, because Plaintiff could not satisfy the test, the ALJ was not required to even consider Plaintiff's subjective testimony of pain.

Further, despite the finding that Plaintiff could not satisfy the test, the ALJ did consider Plaintiff's pain testimony found it to be incredible. Plaintiff points this Court generally to SSR 96-7p and nakedly asserts that the ALJ failed to follow the ruling. Plaintiff fails to point to any specific portion of the ruling that she claims the ALJ failed to follow.

Even though any error by the ALJ in making the credibility determination would be harmless, because the ALJ was not required to consider the testimony, this Court has

7

reviewed SSR 96-7p and the ALJ's decision and finds no error. The ALJ's determination that Plaintiff did not meet the test to consider subjective pain testimony and the ALJ's determination that Plaintiff's pain testimony was not credible are supported by the record in this case.

### B. Whether the ALJ's credibility finding was specific enough to satisfy the requirements of Social Security laws and regulations.

Here, Plaintiff argues that the ALJ failed to make sufficient specific findings when making the credibility determination regarding Plaintiff's subjective pain testimony. Although an ALJ must clearly articulate specific reasons supported by the record when making a credibility determination of a claimant's subjective testimony, *see Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991), as stated above, Plaintiff failed to meet the test to require the ALJ to consider the subjective testimony of pain. Thus, any lack of specificity in the ALJ's findings would be harmless.

Further, even if the ALJ was required to specify his reasons for rejecting the subjective testimony of pain, that requirement was met. Here, the ALJ detailed the evidence and testimony he considered in making his determination that Plaintiff's claims were not credible. The record reveals that, in making this decision, the ALJ reviewed the entire record and specifically addressed: Plaintiff's testimony; her allegations of extreme pain (including level 8-9 back pain); her activities and self-reported functional abilities; medical diagnoses and test results; objective findings on physical examinations; medical source opinions;

medications; response to treatment; and inconsistencies between Plaintiff's allegations and other evidence of record. (Tr. 15-16, 21-24).

This is not a case where the ALJ failed to specify the reasons for his credibility determination. In fact, the ALJ's decision here is very detailed and well reasoned. Plaintiff's claim that the ALJ erred by not specifically setting forth the reasons for finding Plaintff's subjective testimony incredible is without merit.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

DONE this 22nd day of July, 2009.

>   /s/ Wallace Capel, Jr.
>   WALLACE CAPEL, JR.
>   UNITED STATES MAGISTRATE JUDGE